## BRAND v. UNITED STATES.

*(Circuit Court, N. D. New York. November 6, 1880.)*

1. SENDING LETTERS THROUGH MAIL—INTENT TO DEFRAUD—REV. ST. § 5480.—Section 5480 of the Revised Statutes provides that "if any person having devised, or intending to devise, any scheme or artifice to defraud or be effected by either opening, or intending to open, correspondence or communication with any other person, whether resident within or outside of the United States, by means of the post-office establishment of the United States, or by inciting such other person to open communication with the person so desiring or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office of the United States, or take or receive any therefrom, such person so misusing the post-office establishment shall be punishable by a fine of not more than $500, and by imprisonment for not more than 18 months or by both such punishments." *Held*, that the word "or," in the expression "or be effected," is a clerical mistake for the word "to," and that the expression should be, "to be effected."

2. CIRCUIT COURT—WRIT OF ERROR—ACT OF MARCH 3, 1879, (20 U. S. ST. AT LARGE, 354.)—The only questions that can be reviewed in the circuit court upon a writ of error, under the act of March 3, 1879, (20 U. S. St. at Large, 354,) relating to "criminal cases tried before the district court," are those which appear by the record to have been decided and duly excepted to in the court below.

3. REQUEST—INDICTMENT—SUFFICIENCY.—A request to instruct the jury that there was no evidence in the case upon which there could be a legal conviction under the indictment, does not raise any question as to the sufficiency of such indictment.

4. SAME—EVIDENCE—SUFFICIENCY.—The circuit court cannot, on writ of error, pass upon the sufficiency of the evidence in the court below, where the bill of exceptions does not clearly set forth all such evidence.

5. SENDING LETTERS THROUGH MAIL—INTENT TO DEFRAUD—EVIDENCE.— The fact that defendant received letters in answer to an advertisement, and the fact that the letter inclosing the advertisement to the newspaper in which it was published was in the defendant's handwriting, warranted the court in charging, under the circumstances of this case, that such facts were evidence that defendant mailed such letter and advertisement.

    *United States* v. *Noelke,* 1 FED. REP. 426–442.

Writ of Error under the Act of March 3, 1879.

*Matthew Hale,* for plaintiff.

*Martin I. Townsend,* Dist. Att'y, for the United States.

BLATCHFORD, C. J.　The plaintiff in error, Brand, was indicted in the district court under section 5480 of the Revised Statutes. That section provides as follows: "If any person having devised, or intending to devise, any scheme or artifice to defraud or be effected by either opening, or intending to open, correspondence or communication with any other person, whether resident within or outside of the United States, by means of the post-office establishment of the United States, or by inciting such other person to open communication with the person so desiring or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office of the United States, or take or receive any therefrom, such person so misusing the post-office establishment, shall be punishable by a fine of not more than $500, and by imprisonment for not more than 18 months, or by both such punishments." It is plain that the word "or," in the expression "or be effected," is a clerical mistake for the word "to." The expression should be, "to be effected." As it is it is meaningless, and with it the whole provision is incomplete. If the reading be, "to be effected," the provision is complete and harmonious. The scheme to defraud is to be effected by the deviser of it opening a correspondence by mail, or by his inciting some one else to open such correspondence with him. The mistake exists in the original statute, section 301 of the act of June 8, 1872, (17 U. S. St. at Large, 323.)

The indictment contains two counts. The first count alleges that Brand, "at Plattsburgh aforesaid, in the district aforesaid, on the sixth day of August, A. D. 1878, knowingly, wrongfully, and unlawfully devised a certain scheme and artifice to defraud, to be then and there effected by opening, and intending to open, correspondence and communication with divers other persons to the jurors aforesaid unknown, by means of the post-office establishment of the United States, to-wit, the said Anselm P. Brand did then and there knowingly, wrongfully, and unlawfully devise a certain scheme and artifice to defraud divers persons, to the jurors aforesaid unknown, of divers sums of money, to the jurors aforesaid

unknown, which said scheme and artifice was by the said Anselm P. Brand intended to be effected by sending, by means of the post-office establishment of the United States, to the editors and publishers of the Malone *Palladium*, a weekly paper published in Malone, Franklin county, New York, and within the northern district of New York, and within the jurisdiction of this court, to-wit, one Frederick J. Seaver and one Oscar P. Ames, who were, at the time last aforesaid, the editors and publishers of the said Malone *Palladium*, the following special notice and letter, to-wit:

"'SPECIAL NOTICE.—*Wanted:* A few good young men (those from the country preferred) to go on the road as traveling salesmen, to sell a specialty to the grocery trade. If we can get the right ones, will pay them good wages. Examine samples of our specialty. We want plain, temperate, ambitious young men, who will not abuse our confidence, and who are not afraid to carry a 44-pound sample case and make 60-day trips, when circumstances require it, without grumbling. We want you to travel by public conveyance. Enclose 25 cents with your application, and we will forward you a sample, express paid, and we will say here that we will pay no attention to applicants who do not feel interest enough to examine sample first, and be your own judge as to your fitness for the work; others need not apply. Address A. B. Fritz & Co., care Cumberland House, Plattsburgh, New York. August 6, 1878.'

"'PLATTSBURGH, August 6, 1878.

"'DEAR SIR: Enclosed please find two dollars, as part payment for publishing the within notice for two months. We shall be in your place September 1st or 2d, and will call and see you and settle same. Please send us a paper, with above notice, to this place, care of Cumberland House, and oblige A. B. FRITZ & Co.'

"And he, the said Anselm P. Brand, did then and there knowingly, wrongfully, and unlawfully send said special notice, by means of the post-office establishment of the United States, to the said Frederick J. Seaver and Oscar P. Ames, editors and publishers as aforesaid, by depositing in the post-office

of the United States, at Plattsburgh aforesaid, said special notice and letter, he, the said Anselm P. Brand, then and there intending to cause said special notice to be published in said Malone *Palladium*, and circulated through the mails of the United States by means of the post-office establishment of the United States, which said special notice was then and there a scheme and artifice to defraud divers and sundry persons, to the jurors aforesaid unknown; and which said special notice was, at Malone aforesaid, by the said Anselm P. Brand, thereafter, to-wit, on the fifteenth day of August, A. D. 1878, knowingly, wrongfully, and unlawfully caused to be deposited in the post-office of the United States, to-wit, in the post-office at Malone aforesaid, he, the said Anselm P. Brand, then and there intending thereby to open communication, by means of the post-office establishment of the United States, with divers persons to the jurors aforesaid unknown, he, the said Anselm P. Brand, then and there, by such means, knowingly, wrongfully, and unlawfully contriving and intending to defraud said persons, contrary," etc.

The second count alleges that Brand, "on the fifteenth day of August, A. D. 1878, at Malone, in the county of Franklin, and state of New York, and northern district of New York, and within the jurisdiction of this court, knowingly, wrongfully, and unlawfully did cause to be deposited in the post-office of the United States, to-wit, in the post-office at Malone, aforesaid, a certain 'special notice' in the words and figures following, to-wit, [as in the first count,] which said special notice was then and there, by the said Anselm P. Brand, caused to be signed at the end thereof as follows, 'A. B. Fritz & Co.,' and which said special notice was then and there, by the said Anselm P. Brand, caused to be addressed to divers persons, to the jurors aforesaid unknown, intending thereby to open communication with said persons, and intending thereby to incite said persons to open communication with him, the said Anselm P. Brand, he, the said Anselm P. Brand, then and there, by such means, knowingly, wrongfully, and unlawfully contriving and intending to defraud said persons, contrary," etc.

This case is before the court on a writ of error, allowed under the provisions of the act of March 3, 1879, (20 U. S. St. at Large, 354.)

The record states that, on a trial on a plea of not guilty of the offences charged in the indictment, the defendant was found guilty of the offences charged in said indictment, and was sentenced for said offences to be imprisoned in the Albany county penitentiary for the term of one year, and to pay a fine of $250. The return to the writ, in addition to the record of judgment and the minutes of the trial, contains a bill of exceptions taken by the defendant. There is no assignment of errors, nor any statement of any exceptions except such exceptions as are found in the bill of exceptions. There is no statement of any objection having been taken in the court below to the indictment, by demurrer or otherwise, either as to form or substance, or of any motion to quash it, or of any motion there in arrest of judgment. There is not, in the bill of exceptions, any statement of any question having been raised as to the indictment. Nevertheless, the defendant on this writ of error raises the question as to the sufficiency of the indictment. He contends that the indictment charges no criminal act; that it is not enough to allege an intent to defraud; that no facts are stated, which, if proved, will support the conclusion averred, that the deposit of the notice in the post-office was in pursuance of a scheme to defraud; that the notice and the letter are harmless and innocent if issued in good faith; that it is not averred that the notice was not signed by A. B. Fritz & Co., or that A. B. Fritz & Co. were not ready or did not intend to forward the samples as provided in the notice, or that the specialty to be sold to the grocery trade did not exist, or had no value, or that the persons who may have sent their money to the address indicated did not receive the samples promised, or were in any way defrauded, and that averments should be found in the indictment from which the court can see how the fraud was to be accomplished.

The act of March 3, 1879, provides that the circuit court shall have jurisdiction of writs of error "in certain specified

criminal cases tried before the district court;" that "in such case a respondent, feeling himself aggrieved by a decision of a district court, may except to the opinion of the court, and tender his bill of exceptions, which shall be settled and allowed according to the truth, and signed by the judge, and it shall be a part of the record of the case;" that the respondent "may petition for a writ of error from the judgment of the district court, * * * which petition shall be presented to the circuit judge, * * * who, on consideration of the importance and difficulty of the questions prescribed in the record, may allow such writ of error."

The purport of these provisions is that it is only the decisions of the district court which are excepted to in that court that can be reviewed under the writ of error. The questions to be considered on allowing the writ are only the questions decided by the court below, and which appear by the record to have been decided, and where, also, the decisions were excepted to below. In this case, the petition for the writ, which is part of the case, sets forth that, on the trial, "your petitioner, by his counsel, excepted to many of the rulings of said court; that said rulings relate to the construction of said section of the Revised Statutes, and to the evidence requisite for a conviction under said section; that a bill of exceptions has been made on behalf of your petitioner, and has been settled and allowed," "and become part of the record of the case;" and "that your petitioner is advised by his counsel and believes that the questions arising on said exceptions and presented in the record are important, and that there is good ground for the belief that the rulings of said district court, or some of them, were erroneous, and will be so adjudged by the circuit court." On a writ of error allowed on such a petition, and solely on the questions raised by the bill of exceptions, it is not competent, under this statute, to review any other questions.

The bill of exceptions states that at the close of the evidence the defendant, by his counsel, requested the court to instruct the jury that there was no evidence in the case upon which the defendant could legally be convicted under the

indictment. The court refused to so instruct the jury, and the defendant excepted to such refusal. This request cannot be regarded as raising any point as to the sufficiency of the indictment. It only raises the point as to the sufficiency of the evidence to warrant a conviction on the indictment as it stood, assuming it to be good.

The defendant seeks to raise the point as to the propriety of such refusal. But this court cannot pass on that question, for the reason that the bill of exceptions cannot be regarded as setting forth all the evidence. It does not state that it sets forth all the evidence, nor does it state anything from which it can be inferred that it sets forth all the evidence. On the contrary, it appears clearly, from its face, that it does not set forth all the evidence.

The defendant requested the court to instruct the jury (1) "that there is no evidence in the case from which the jury can find that defendant placed the special notice and letter in question in any post-office of the United States, or caused it to be so placed." This request was refused, and the refusal was excepted to. For the reason before stated, this request cannot be passed on by this court. The bill of exceptions states that "no direct evidence was given that the defendant placed the paper in question in any post-office, or that he received the same from any post-office, except as herein above stated." Indirect evidence may have been given to the above effect, and was competent to be considered, and may have been sufficient, in connection with the direct evidence referred to, to warrant the finding mentioned. The implication from the statement is that it was given, and is not set forth. At all events, it does not appear that the bill of exceptions sets forth all the evidence on the point, and the court below, in ruling on the request, was passing on all the evidence,

The defendant requestd the court to instruct the jury (2) "that the mailing of the Malone *Palladium* at Malone, by the publishers of that paper, did not constitute an offence under the laws of the United States for which defendant can be held liable on the evidence in this case." This request was refused, and the refusal was excepted to. This request was

intended to raise the point as to the sufficiency of the evidence to show that the defendant deposited, or caused to be deposited, in the post-office at Malone the newspapers containing the published notice. It does not appear that all the evidence is set forth, and the remarks before made apply to this branch of the case.

The defendant requested the court to instruct the jury (3) "that there is no evidence upon which the jury can find that the defendant received any letter or letters from any post-office of the United States, in violation of the laws of the United States, for which he is liable on this trial;" and (4) "that under the indictment in this case defendant cannot be convicted of receiving any letter from any post-office, in violation of the laws of the United States."

These requests were each of them refused and each request was excepted to. The bill of exceptions then states: "The court thereupon charged the jury, among other things, as follows: He read to them section 5480 of the Revised Statutes, and instructed the jury that the fact that some person had devised a scheme to defraud, to be effected through the agency of the post-office, had been established to such extent that they were authorized to find the case, as to that element, made out; that the important question was whether this defendant devised it and mailed the letter containing the advertisement to the publishers of the Malone *Palladium*, and received the answers to the advertisement, and unless they found against the defendant upon this question he could not be convicted; that, if he was the person who had done this, he was within the provisions of the statute; that it was not necessary that the letter should be personally mailed or personally received from the post-office by the defendant, in order to warrant a conviction; if he caused or procured the letter to be mailed, that was sufficient; that the defendant started with the presumption of innocence and was entitled to the benefit of any reasonable doubt; that he could not be convicted unless the evidence was such as was not only consistent with guilt, but inconsistent with innocence; that as to

the question, Who caused the letter which enclosed the advertisement to the Malone *Palladium* to be mailed? the fact that the letter was in defendant's handwriting, of itself, unexplained, was sufficient to authorize the conclusion that it was mailed by him; that it was proved that the defendant was at the Cumberland House every day, or nearly every day, except Sundays, from August 15th to August 26th, and it was also proved that letters addressed to A. B. Fritz & Co. disappeared mysteriously from the box to which he had access.

"The court also charged that the jury might consider on this question the false statement which the defendant had made with respect to the handwriting of the paper, that, if the testimony of Mrs. Sibley was true, then it was plain that he had the answers to this advertisement in his possession, and, if he received the answers, this fact was important as tending to show who mailed the advertisement and letter to the Malone *Palladium;* but that the jury, even if they disregarded the evidence of Mrs. Sibley as unworthy of credit, might find, from the other circumstances in the case, that a sufficient case had been made out to authorize the conviction of the defendant. The defendant, by his counsel, thereupon duly excepted to the charge of the court that it was not necessary that the letter should be personally mailed by the defendant, or that letters should be personally received by him from the post-office, in order to warrant his conviction. Defendant, by his counsel, also excepted to the charge of the judge that the fact that the letter to the Malone *Palladium* was in the hand-writing of the defendant, of itself, unexplained, was sufficient to authorize the conclusion that it was mailed by the defendant; and thereupon the court modified that portion of its charge by saying that it was evidence from which the jury might infer that such letter was mailed by the defendant; to which modification the defendant, by his counsel, also duly excepted. Defendant, by his counsel, also excepted to that part of the charge of the court by which the jury were instructed that, even if they disregarded the evidence of Mrs. Sibley as unworthy of credit, they might find, from the other

circumstances in the case, that a sufficient case had been made out to authorize the defendant's conviction."

It is insisted by the defendant that it was error to refuse to charge in accordance with request 3, because the indictment does not charge the defendant with the offence of receiving a letter from a post-office, and because there was no evidence that he took or received a letter from a post-office, but evidence only at most which tended to show that he took from the delivery box of the Cumberland House letters answering the advertisement, which had come through the post-office and been put into such delivery box. It is also insisted by the defendant that it was error to refuse to charge in accordance with request 4, because, by such refusal, in connection with what was said in the charge in regard to receiving the answers to the advertisement, the jury were permitted to convict the defendant of an offence with which he was not charged in the indictment. In regard to request 3, the remark before made applies, that the whole evidence is not set forth in the bill of exceptions. Moreover, if the proposition in request 3 was true, it was not error not to charge it. It was irrelevant. The converse of the proposition was not asserted by the court. The jury were not charged that the defendant was on trial for receiving a letter from a post-office. There is nothing in the charge as set forth to that effect. The jury were instructed that the question was whether the defendant devised the scheme to defraud, and mailed the letter to the Malone *Palladium,* and received the answers to the advertisement; and that unless they found against the defendant on this question he could not be convicted. Evidence had been given to show that the defendant received the answers to the advertisement—not that he received them from the post-office, but that he had them in his possession, and had taken them from the box in the Cumberland House. No other evidence appears tending to show that he received them from a post-office. The part of the charge referred to was was not excepted to by the defendant. It was too favorable to the defendant, if anything. The government might well have complained of it as requiring more, under the in-

dictment, to convict than proof of mailing. But, in connection with what was so charged in regard to receiving the answers to the advertisement, what was subsequently charged and not excepted to by the defendant must be taken into view,—namely, that if Mrs. Sibley testified truly the defendant had in his possession answers to the advertisement,—and that the fact of his receiving the answers (not taking them or receiving them from the post-office, but having them, from whatever source he received them) was an important fact, as tending to show who mailed the letter and the advertisement to the Malone *Palladium*.

This shows that what was previously said in the charge, as to receiving the answers to the advertisement, was, in view of the whole charge, said, and must have been understood by the defendant and by the jury as said, in the same sense; as what was afterwards said in regard to receiving the answers was clearly said—namely, as bearing solely on the question on trial—as to who mailed the letter and the advertisement to the newspaper. This is the true view, and under it the refusal to charge request 3 was no error. The same remarks apply to and dispose of the refusal to charge request 4. The exception to the charge as to personally mailing or personally receiving letters from the post-office does not appear to be insisted on, and is not tenable.

The court at first charged that the fact that the letter which enclosed the advertisement to the newspaper was in the handwriting of the defendant, of itself, unexplained, was sufficient to authorize the conclusion that it was mailed by him. On an exception being made by the defendant to such charge, the court modified it by saying "that it was evidence from which the jury might infer that such letters were mailed by the defendant." The meaning of this is that the charge as first given was, on the exception, modified so as to be as secondly stated, and as modified superseded and displaced the charge as first given, and that the first exception disappeared, and the only exception is to the charge as it stands when so modified. Such modified charge must be taken in connection with the whole charge.

The jury had been instructed that the fact had been established that some person had devised a scheme to defraud, to be effected through the agency of the post-office. This was not excepted to. The defendant had, as stated in the charge, made a false statement in respect to the handwriting of the letter and the advertisement. It appears that he had, on two occasions before he was indicted, denied that he wrote those papers. On the trial he testified himself that he did write them, and that he wrote them at the request of a person who had since died, by copying them from a paper which such person had handed to him, and that he did not deposit them, or cause them to be deposited, in any post-office, and had no knowledge as to what became of them after he handed them to such person, and that he had never had any of the answers to the advertisements. Other evidence was given on both sides in reference to the matters so testified to by the defendant. This throws light on the meaning of the word "unexplained" used in the charge, in connection with the portion so excepted to. The jury, to find the verdict they did, must have believed that the defendant's attempted explanation was untrue, and amounted to no explanation. If it was, the case under such circumstances, unexplained, stood in a worse position for the defendant than if he had not attempted an explanation. In addition, there was the false statement by the defendant as to the handwriting of the letter. Upon all this, and on all the charge, what the court said in the point in question, when modified, amounted to no more than this: that the fact that the letter was in the handwriting of the defendant was, in view of his previous denial and of his false explanation at the trial, evidence to be considered on the question of whether he mailed the letter, and evidence from which, in connection with other evidence in the case, the jury might infer that he mailed it.

The bill of exceptions expressly states that the court modified the charge, and that the charge, as secondly given, is a modification; hence the modified charge cannot be held to be the same as the original charge, and to mean the same thing. The modified charge does not say that the mere fact that the

letter was in the handwriting of the defendant was of itself, without any other circumstance and without any reference to any of the other evidence in the case, sufficient to warrant the inference or conclusion that the defendant mailed the letter. The exception to the modified charge must be held not to have been well taken. *United States* v. *Noelke*, 1 FED. REP. 426, 442.

The exception to the charge that, even without the evidence of Mrs. Sibley, the jury might find, from the other circumstances in the case, that a sufficient case had been made out to authorize the defendant's conviction, must be overruled. The bill of exceptions does not set forth all the evidence, so that this court can see what all the other circumstances in the case were.

The judgment of the district court must be affirmed.